# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**DAVID KASTER,**

       Petitioner,

                     **Case No. 06-C-944**

  -vs-

**JUDY SMITH, Warden,**
**Oshkosh Correctional Institution,**

       Respondent.

# DECISION AND ORDER

  In 2001, David Kaster ("Kaster") was convicted in Brown County Circuit Court of sexual assault by a school staff member in violation of Wis. Stat. § 948.095(2). Kaster was sentenced to nine (9) years imprisonment. After pursuing an unsuccessful direct appeal and an unsuccessful motion for post-conviction relief in state court, Kaster filed the instant petition for a writ of habeas corpus under 28 U.S.C. § 2254.

  In his petition, Kaster argues that the Wisconsin Court of Appeals' application of § 948.095 was unconstitutionally vague as applied to his own conduct. Kaster also argues that the state courts' interpretation of § 948.095 denied his due process rights to present a defense and to a jury verdict beyond a reasonable doubt on all facts necessary for a conviction. For the reasons that follow, Kaster's petition is denied.

## BACKGROUND[1]

Kaster was the boys and girls swimming coach at Ashwaubenon High School during the 1998-99 school year and had been involved with the swim teams at the school since 1983. He was not a teacher and he did not hold any other position at the school. In the 1998-99 school year, the girls' swimming season ended on November 14, 1998, and the boys' season ended on February 20, 1999. In February 2001, Kaster was charged with four counts of sexual assault of a student by a school instructional staff person under Wis. Stat. § 948.095.[2] One of the assaults occurred on March 14, 1999.

At trial, Kaster argued that his only connection to the school was his coaching contracts and that he could only be guilty if he was under contract at the time of the assault. Kaster argued that the definition of "school staff" under § 948.095 should be narrowly construed to include only school employees, contract personnel, or a similarly situated paid

---

[1] The Court will rely on the findings of fact made by the appellate court orders that affirmed Kaster's conviction and denied his motion for post-conviction relief. *See* 28 U.S.C. § 2254(e)(1); *Milone v. Camp*, 22 F.3d 693, 697 n.2 (7th Cir. 1994) (on habeas review, findings of fact made by a state appellate court are afforded the same presumption of accuracy as findings made by the state trial court).

[2] Wis. Stat. § 948.05(2) provides that:

Whoever has sexual contact or sexual intercourse with a child who has attained the age of 16 years and who is not the defendant's spouse is guilty of a Class H felony if all of the following apply:

(a) The child is enrolled as a student in a school or a school district.

(b) The defendant is a member of the school staff of the school or school district in which the child is enrolled as a student.

The statute defines a "member of the school staff" as follows:

(b) "School staff" means any person who provides services to a school or a school board, including an employee of a school or a school board and a person who provides services to a school or school board under a contract.

Wis. Stat. § 948.095(1)(b).

-2-

service provider of ascertainable duration. Because his only relationship with the school was through his contract, Kaster contended that the jury should be instructed that he needed to be under contract to be found guilty. In the alternative, Kaster argued that any services he may have been providing to the school at the time of the assault were voluntary and not covered by the statute.

During trial, Kaster elicited testimony from various school officials and staff members to support his defense theory. Gary Wendorf, the school's past athletic director, testified that coaching contracts covered the entire year, but also said coaches finish their duties at the end of the athletic season. He said Kaster was "probably not" required to perform any services outside the season.

Jack Klabesadel, the athletic director during the 1998-99 school year, testified that the only requirement for coaches outside the seasons was to attend an awards banquet. Klabesadel also testified that Kaster was "not under contract according to our district office after the swim season and his evaluation" were complete. Klabesadel added that he would have no financial control over a coach after the season ended. However, during the 1998-99 school year, Klabesadel contacted Kaster after the season ended regarding the swim teams' budget, scheduling, evaluations and fundraising plan. In addition, Klabesadel testified that Kaster conducted "open swims" at the school's swimming pool. Both Wendorf and Klabesadel testified that coaches might engage in some out-of-season activities such as fundraising or planning, but that such activities would be voluntary.

At the instruction conference, the circuit court refused Kaster's proposed instructions and opted to give the standard instruction. The jury convicted Kaster of two counts of sexual assault of a student, one count of fourth-degree sexual assault and one count of disorderly conduct. Kaster appealed only the sexual assault conviction stemming from the March 14 incident.

On appeal, Kaster argued that the trial court denied him a defense because it failed to give a proposed jury instruction based on his interpretation of § 948.095. Kaster argued that his proposed instruction, to the effect that the jury must find that he was "providing services under a contract" at the time of the assault, was appropriate because the definition of "school staff" in § 948.095 must be limited to school employees, contract personnel, or similarly situated paid service providers of ascertainable duration.

The court of appeals rejected this narrow interpretation of § 948.095 and concluded that Kaster "would be liable if he provided services to a school or school board on March 14." (Docket No. 1-3; *State of Wisconsin v. Kaster*, No. 02-2352-CR, ¶ 16 (April 22, 2003, Ct. App. District III)). Therefore, the court of appeals affirmed Kaster's conviction because the evidence at trial was sufficient to allow the jury to conclude that Kaster was providing services to the school when he committed the March 14 assault. (*Id.* at ¶ 17).

In his subsequent motion for post-conviction relief, Kaster argued that given the court of appeals' interpretation of § 948.095 on direct appeal, he was denied the right "to present a defense and to a jury verdict on all necessary elements" of the charged offense. (Docket No. 1-3; *State of Wisconsin v. Kaster*, No. 2005AP1285, ¶ 5 (March 28, 2006 Ct. App.

District III)). Kaster argued that the court of appeals' interpretation required that a defendant "must actually be providing services at the time of the alleged sexual contact to be covered by the statute, which . . . is an additional element" subsequently added by the court. (*Id.* at ¶ 7). Therefore, Kaster argued that he was denied his right to present a defense because he was not on notice of the court's interpretation of the statute at the time of the trial. (*Id.*)

However, the court of appeals clarified that its prior decision did not create an "additional element" for the offense. Rather, the court was simply "pars[ing] the definition of school staff and its application to Kaster." (*Id.* at ¶ 8). Ultimately, the court of appeals rejected Kaster's argument because the statute put Kaster on notice that a conviction required that he be providing services at the time of the alleged sexual contact. (*Id.*)

## ANALYSIS

Federal courts must deny a petition for habeas corpus with respect to any claim adjudicated on the merits in a state court unless the state court's decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or if it was "based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d)(1), (2).

A decision is "contrary to" federal law when the state court applies a rule that "contradicts the governing law set forth by the Supreme Court," or when an issue before the state court "involves a set of facts materially indistinguishable from a Supreme Court case,"

but the state court rules a different way. *Boss v. Pierce*, 263 F.3d 734, 739 (7th Cir. 2001) (citing *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000)).

## I.     Void for vagueness

The "void-for-vagueness" doctrine under the due process clause is grounded in the principles of fair warning or notice. *Smith v. Goguen*, 415 U.S. 566, 572 (1974). Penal statutes must define a criminal offense "with sufficient definiteness that ordinary people can understand what conduct is prohibited and in a manner that does not encourage arbitrary and discriminatory enforcement." *Kolender v. Lawson*, 461 U.S. 352, 357 (1983).

When, as here, First Amendment or other constitutional interests are not directly implicated, the Court must examine the statute as applied to the present facts. *See Chapman v. United States*, 500 U.S. 453, 467 (1991). Therefore, the Court looks to the application of the statute as enforced against the plaintiff and does not speculate as to whether there might be some ambiguity in a hypothetical case. *See Maynard v. Cartwright*, 486 U.S. 356, 361 (1988). "It is often possible to parade a list of horribles as to how a criminal statute might unjustly be applied. However, the focus needs to be how it could be properly applied in this case." *United States v. Berry*, 60 F.3d 288, 293 (7th Cir. 1995).

Kaster's vagueness argument focuses on the "provides services" language in the statutory definition of "school staff." The statute defines "school staff" as "any person who *provides services* to a school or a school board, including an employee of a school or a school board and a person who provides services to a school or school board under a contract." Wis. Stat. § 948.095(1)(b) (emphasis added).

-6-

Kaster argues that the court of appeals did not address his vagueness-as-applied argument. Kaster is wrong. On direct appeal, the court of appeals stated: "We agree the phrase 'provides services' is very broad, but this does not necessarily make the statute unconstitutional or ambiguous. While statutes must have a reasonable degree of clarity, exacting precision is not required unless the statute affects constitutionally protected interests." *State of Wisconsin v. Kaster*, No. 02-2352-CR at ¶ 12. The court continued: "the statute prohibits sexual assault of students by persons providing services to the schools the students attend. While its application would perhaps be questionable in certain situations . . . *we may not invalidate the statute based on these hypothetical situations.*" *Id.* (emphasis added). The court of appeals' reasoning is directly in line with applicable federal constitutional law.

Ultimately, Kaster's argument fails because it reflects his disagreement with how a state court interpreted a state penal statute. Despite Kaster's argument that the statute does not apply to him because he was not "providing services" to the school, there is nothing unconstitutional about its application to him in this case. The statute applies to an individual who provides services to the school at the time of the assault, and there was evidence adduced at trial to support this finding. While subject to varying interpretations, the statute provided sufficient notice to Kaster that his conduct would be subject to its prohibitions.

## II.     Rights to present a defense/jury verdict beyond a reasonable doubt

Kaster's remaining claims can be considered together. Kaster argues that he was unable to present an adequate defense because he did not have advance notice of how the

-7-

Wisconsin Court of Appeals would interpret § 948.095. Kaster also argues that he was denied his right to a jury verdict beyond a reasonable doubt because the court of appeals' interpretation created an additional element under the statute.

While creative, Kaster's arguments are not persuasive. It is beyond obvious that Kaster did not have prior notice of the court of appeals' interpretation of the statute, which occurred on appeal from the same conviction. If Kaster could obtain habeas relief on this argument, the federal courts would be flooded with petitions. The court of appeals did not create an additional element, it merely interpreted the statute in a manner unfavorable to Kaster's case. The important fact, as noted by the court of appeals, is that the statute gave Kaster notice that he could be subject to its prohibitions because he was providing services to the school at the time of the assault.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT**:

1. Kaster's petition for a writ of habeas corpus is **DENIED**; and

2. This matter is **DISMISSED** in its entirety.

Dated at Milwaukee, Wisconsin, this 20th day of August, 2007.

          **SO ORDERED,**

          **s/ Rudolph T. Randa**
          **HON. RUDOLPH T. RANDA**
          **Chief Judge**